IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DARRELL DONNER,**<br><br>vs.<br><br>**MARK RANKIN, NEW BERN TRANSPORTATION CORPORATION** | **DOCKET NO.:** 1:23-cv-296 |

## COMPLAINT

Plaintiff, DARRELL DONNER, by and through his attorneys, Barry Scatton, Esquire of Morgan & Morgan Philadelphia, PLLC, and hereby complains against the above-named Defendants, MARK RANKIN and NEW BERN TRANSPORTATION CORPORATION and in support thereof, avers as follows:

## PARTIES

1. Plaintiff, DARRELL DONNER (hereinafter "Plaintiff"), is an adult individual who resides at 101 Bellingrath Terrace, Deland, Volusia County, Florida 32724-7317.

2. Defendant, MARK RANKIN (hereinafter "Defendant Rankin"), is an adult individual who resides at 1029 Old Petroleum, Titusville, Brevard County, Pennsylvania 16354 who at all relevant times, was the agent, servant, workman and/or employee of NEW BERN TRANSPORTATION CORPORATION and was acting in the course and scope of his employment.

3. Defendant NEW BERN TRANSPORTATION CORPORATION, (hereinafter "Defendant New Bern"), is a corporation with a principal place of business located at 369 Allegheny Boulevard, Franklin, Venango County, Pennsylvania 16323.

4. At all times material hereto, Plaintiff was the owner and operator of a 2022 Toyota Camry with Florida license plate number 588QRX.

5. At all times material hereto, Defendant Rankin was the operator of a G-2 Axle Trailer: 2 Axle Tractor-WHI-White, with Pennsylvania license plate number ZSG1471.

6. At all times material hereto, Defendant New Bern was the owner of the G-2 Axle Trailer: 2 Axle Tractor-WHI-White, with Pennsylvania license plate number ZSG1471.

## STATEMENT OF JURISDICTION

7. This case is brought under 28 U.S.C.§1332(a)(1), based upon diversity of citizenship. Because Plaintiff is a citizen of Florida, Defendants are all citizens of the Commonwealth of Pennsylvania, and the amount in controversy (exclusive of interest and costs) exceeds $75,000.00, diversity jurisdiction exists in this Honorable Court.

## FACTUAL BACKGROUND

8. On or about December 05, 2022, at approximately 08:37am., Plaintiff, DARRELL DONNER operated his motor vehicle East on Jamestown Road, City of Greenville, Commonwealth of Pennsylvania.

9. At the same time and place, Defendant, MARK RANKIN operated a tractor trailer owned by NEW BERN TRANSPORTATION CORPORATION in the right lane at East Jamestown, City of Greenville, Commonwealth of Pennsylvania.

10. As Plaintiff, was travelling South on East Jamestown Road, slowed down and moved to his right as far as possible, Defendant unexpectedly and without warning drifted to his lane and crashed to Plaintiffs' vehicle

11. Defendant, MARK RANKIN did so carelessly and negligently operate his tractor trailer as to cause a collision with the Plaintiff's motor vehicle, causing the Plaintiff to sustain the injuries and damages hereinafter set forth.





12. At all relevant times hereto, the Plaintiff acted in a safe, prudent and reasonable manner in no way contributed to his injuries or damages.

**COUNT I**
**NEGLIGENCE / RECKLESSNESS**
**DARRELL DONNER v. MARK RANKIN**

13. Plaintiff incorporates Paragraphs 1 through 13 of his Complaint as if set forth fully at length herein.

14. The negligence, carelessness and/or recklessness of the Defendant, individually and as the agent, servant, worker and /or employee of NEW BERN TRANSPORTATION CORPORATION consisted of, but is not limited to the following:

   a. Failing to maintain proper and adequate control of his Trailer so as to avoid crashing into the Plaintiff;

   b. Driving carelessly in violation of 75 Pa. C.S.A. 3714;

c. Driving too fast for the conditions;

d. Failing to pay proper attention while operating his trailer;

e. Failing to take proper precautions in the operation of his trailer so as to avoid the collision that occurred with the vehicle being operated by the Plaintiff;

f. Operating his trailer in a negligent, careless and reckless manner without due regard for the rights and safety of the Plaintiff;

g. Failing to exercise due care and caution under all of the existing circumstances;

h. Failing to have his trailer unit under such control that it could be readily stopped, turned aside or the speed thereof slackened upon the appearance of danger;

i. Failing to remain alert;

j. Traveling at an excessive rate of speed under the circumstances;

k. Violating the applicable rules, regulations and laws pertaining to the safe and proper operation of motor vehicles and/or trailers;

l. Failing to operate his trailer in accordance with the Federal Motor Carrier Safety Regulations;

m. Failing to properly control his trailer in light of the circumstances then and there existing;

n. Failing to make necessary and reasonable observations while operating his trailer;

o. Failing to take evasive action and/or failing to take appropriate and timely evasive action in order to avoid striking the vehicle operated by the Plaintiff;

p. Failing to timely and properly apply his brakes;

q. Violating both the written and unwritten policies, rules, guidelines and regulations of New Bern Transportation Corporation;

    r. Failing to apprise himself of and/or abide by the Federal Motor Carrier Safety Regulations;

    s. Failing to apprise himself of and/or abide by the regulations and laws pertaining to the operation of commercial vehicles;

    t. Violating FMCSA Regulation 395 dealing with hours of service;

    u. Failing to adhere to the amount of hours limit;

    v. Failing to properly inspect his trailer;

    w. Striking the Plaintiff's vehicle as a result of being on the road for more than the regulated amount of hours;

    x. Striking the Plaintiff's vehicle as a result of driving in excess of the speed limit;

    y. Consciously choosing to drive over the speed limit;

    z. Consciously choosing to drive over the regulated amount of hours;

    aa. Consciously choosing not to pull his tractor trailer over when the regulated amount of hours on the road was met;

    bb. Consciously choosing to continue driving despite realizing he was physically exhausted;

    cc. Consciously choosing to drive at a high rate of speed during rush hour;

    dd. Consciously choosing to drive at a high rate of speed despite knowing that traffic is susceptible to frequent stops;

    ee. Consciously choosing to drive over the speed limit despite knowing that he was creating an increased risk of crashing his trailer; and

    ff. Acting with a conscious disregard for the rights and safety of the Plaintiff.

15. As a result of the negligence and carelessness of the Defendant, Plaintiff suffered and continues to suffer serious impairment of bodily functions and serious injuries including, but not limited to:

    a. Traumatic Brain Injury with loss of consciousness
    b. Spinal fracture;
    c. Tail bone injury;
    d. Disc Herniations;
    e. Right thumb injury;
    f. Right wrist injury;
    g. He sustained arthritic and vascular changes;
    h. He sustained severe shock and injury to his nerves and nervous system;
    i. He has in the past required and may in the future continue to require medicines, medical care and attention;
    j. He has in the past suffered and will continue to suffer agonizing aches, pains and mental anguish;

16. As a result of the carelessness and negligence of Defendant Rankin, Plaintiff has suffered property damage and economic losses which are recoverable as damages.

17. As a result of the carelessness and negligence of Defendant Rankin, Plaintiff incurred excessive medical expenses, will continue to incur medical expenses, and has additionally incurred other outstanding bills related to the accident which are recoverable as damages.

**WHEREFORE**, the Plaintiff, Darrell Donner, hereby seeks damages hereby seeks all damages allowed from Defendants, in an amount in excess of $75,000.00.

<u>**COUNT II**</u>
<u>**NEGLIGENCE / RECKLESSNESS**</u>
<u>**DARRELL DONNER v. NEWBERN TRANSPORTATION CORPORATION as being vicariously liable for MARK RANKIN**</u>

18. Plaintiff incorporates Paragraphs 1 through 18 of his Complaint herein as if set forth fully at length.

19. The negligence, carelessness, and/or recklessness of NEW BERN TRANSPORTATION CORPORATION, as being vicariously liable for the actions of MARK RANKIN, consisted of, but is not limited to the following:

    a. Failing to maintain proper and adequate control of his Trailer so as to avoid crashing into the Plaintiff;

    b. Driving carelessly in violation of 75 Pa. C.S.A. 3714;

c. Driving too fast for the conditions;

d. Failing to pay proper attention while operating his Trailer;

e. Failing to take proper precautions in the operation of his Trailer so as to avoid the collision that occurred with the vehicle being operated by the Plaintiff;

f. Operating his Trailer in a negligent, careless and reckless manner without due regard for the rights and safety of the Plaintiff;

g. Failing to exercise due care and caution under all of the existing circumstances;

h. Failing to have his Trailer unit under such control that it could be readily stopped, turned aside or the speed thereof slackened upon the appearance of danger;

i. Failing to remain alert;

j. Traveling at an excessive rate of speed under the circumstances;

k. Violating the applicable rules, regulations and laws pertaining to the safe and proper operation of motor vehicles and/or tractor trailer units;

l. Failing to operate his Trailer in accordance with the Federal Motor Carrier Safety Regulations;

m. Failing to properly control his Trailer in light of the circumstances then and there existing;

n. Failing to make necessary and reasonable observations while operating his Trailer;

o. Failing to take evasive action and/or failing to take appropriate and timely evasive action in order to avoid striking the vehicle operated by the Plaintiff;

p. Failing to timely and properly apply his brakes;

q. Violating both the written and unwritten policies, rules, guidelines and regulations of New Bern Transportation Corporation;

- r. Failing to apprise himself of and/or abide by the Federal Motor Carrier Safety Regulations;
- s. Failing to apprise himself of and/or abide by the regulations and laws pertaining to the operation of commercial vehicles;
- t. Violating FMCSA Regulation 395 dealing with hours of service;
- u. Failing to adhere to the amount of hours limit;
- v. Failing to properly inspect his Trailer;
- w. Striking the Plaintiff's vehicle as a result of being on the road for more than the regulated amount of hours;
- x. Striking the Plaintiff's vehicle as a result of driving in excess of the speed limit;
- y. Consciously choosing to drive over the speed limit;
- z. Consciously choosing to drive over the regulated amount of hours;
- aa. Consciously choosing not to pull his tractor trailer over when the regulated amount of hours on the road was me t;
- bb. Consciously choosing to continue driving despite realizing he was physically exhausted;
- cc. Consciously choosing to drive at a high rate of speed during rush hour;
- dd. Consciously choosing to drive at a high rate of speed despite knowing that traffic is susceptible to frequent stops;
- ee. Consciously choosing to drive over the speed limit despite knowing that he was creating an increased risk of crashing his tractor trailer; and
- ff. Acting with a conscious disregard for the rights and safety of the Plaintiff.

20.   As a result of the above-stated acts and omissions, the Plaintiff suffered such harm as has been previously stated herein.

**WHEREFORE**, the Plaintiff, Darrell Donner, hereby seeks damages hereby seeks all

damages allowed in an amount in excess of $75,000.00.

## COUNT III
## NEGLIGENT and/or RECKLESS HIRING / SUPERVISION / RETENTION
## DARRELL DONNER V. NEW BERN TRANSPORTATION CORPORATION

21. Plaintiff incorporates Paragraphs 1 through 21 of his Complaint herein as if set forth fully at length.

22. New Bern Transportation Corporation had an obligation / duty to hire, retain and supervise drivers who operate their vehicles in a safe manner.

23. The Plaintiff was injured as a result of an incident related to the Defendant's driving, more specifically, the Defendant's unsafe driving.

   a. The negligence, carelessness and/or recklessness of New Bern Transportation Corporation individually and through its various employees, servants, agents and/or workers including, but not limited to Mark Rankin, consisted of, but is not limited to the following: Failing to properly train, monitor and/or supervise its employees, drivers and/or agents including, but not limited to the Defendant;

   b. Hiring and/or continuing to employ the Defendant despite the fact that it knew or should have known that his driving record made him unfit to safely operate a commercial vehicle;

   c. Hiring and/or continuing to employ the Defendant despite the fact that it knew or should have known that his driving record made him uninsurable on a commercial auto insurance policy;

   d. Hiring and/or continuing to employ the Defendant despite the fact that it knew or should have known that he was an excluded driver on the commercial auto insurance policy;

   e. Hiring and/or continuing to employ the Defendant despite the fact that it knew or should have known that his violation of FMCSA hours of service made him unfit to safely operate a commercial vehicle;

   f. Hiring and/or continuing to employ the Defendant despite the fact that he had a propensity for driving violations;

   g. Hiring and/or continuing to employ the Defendant despite the fact that that he had a propensity for speeding;

   h. Hiring and/or continuing to employ the Defendant despite his previous driving record;

i. Failing to have an appropriate disciplinary policy within the company;

j. Hiring and/or continuing to employ the Defendant despite the fact that it knew or should have known that his propensity to break vehicular rules of various states could and/or would put the driving public at risk;

k. Permitting the Defendant to operate a Trailer when it knew or should have known that he was not properly qualified and/or trained;

l. Failing to train and/or properly train the Defendant prior to allowing him to operate its Trailer;

m. Allowing the Defendant to operate a Trailer in its possession when it knew or should have known that such operation posed a risk of danger to others lawfully on the roadway;

n. Failing to adopt appropriate employee manuals and/or training procedures;

o. Failing to enforce both the written and unwritten policies of New Bern Transportation Corporation;

p. Failing to ensure that its employees, drivers and/or agents were aware of and complied with the written and unwritten policies of New Bern Transportation Corporation;

q. Failing to implement and/or enforce an effective safety system;

r. Failing to ensure that its management personnel and drivers were aware of the requirements and dictates of the FMCSA regulations;

s. Failing to ensure that its employees, drivers and/or agents complied with the provisions of the FMCSA regulations;

t. Failing to ensure that its employees, drivers and/or agents were aware of and complied with the rules, laws and regulations pertaining to and governing the operation of commercial vehicles;

u. Violating the applicable rules, laws and regulations pertaining to and governing the operation of commercial vehicles;

v. Failing to monitor and/or regulate its drivers' actions;

w. Failing to monitor and/or regulate its drivers' hours;

x. Failing to monitor and/or regulate speed at which the drivers drove;

y. Failing to have an auditing system in place to audit its drivers' logs, or if they did have a system in place, they failed to utilize the system properly;

z.  Failed to use a 3rd party vendor to audit their drivers' logs, or if they did use a 3rd party vendor, they failed to use it appropriately;

aa. Failing to have a policy or mechanism in place to address cumulative fatigue in its drivers;

bb. Placing more emphasis on profits than on the safety of its drivers and the motoring public;

cc. Knowingly violating federal and state law regarding the responsibilities of motor carriers and the operation of commercial vehicles; and

dd. Failing to act upon and remedy known violations of FMCSA regulation 395.

24.  As a result of the above-stated acts and omissions, the Plaintiff suffered such harm as has been previously stated herein.

**WHEREFORE**, the Plaintiff, Darrell Donner, hereby seeks damages hereby seeks all damages allowed from Defendants, in an amount in excess of $75,000.00.

Respectfully submitted,

**MORGAN & MORGAN PHILADELPHIA LLC**

By:  */s/ Barry J. Scatton*
Barry J. Scatton, Esquire

ID NO.: 324200
2005 Market Street, Suite 350
Philadelphia, PA  19103
**P:** (267) 780-2987
**F:** (267) 780-2922
bscatton@forthepeople.com
www.forthepeople.com

Dated: October 23rd, 2023